IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH FEGHALI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:08-CV-1932 |
| | ) | |
| CUSTOM CULINARY, d/b/a | ) | |
| GRIFFITH LABORATORIES, | ) | Jury Demanded |
| | ) | |
| Defendant. | ) | |

## AMENDED COMPLAINT

Plaintiff, Joseph Feghali ("Plaintiff"), through his undersigned attorneys, complains of Defendant Custom Culinary, d/b/a Griffith Laboratories ("Defendant"), as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§1331 and 1343(4) as Plaintiff is alleging employment discrimination and related retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. Sec.2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 – 634; and for race discrimination under the Civil Rights Act of 1866, 42 U.S.C. Sec. 1981.

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) as Defendant is conducting business in the Northern District of Illinois, and the alleged unlawful employment practices were committed within this judicial district.

## PARTIES

3. Plaintiff is a resident of the State of Illinois, residing in this judicial district. Plaintiff was born in Beirut, Lebanon on April 17, 1940 and has lived in the United States since 1959.

4. Defendant is a corporation with its principal place of business located in Alsip, Illinois. At all relevant times, Defendant was (and remains) engaged in interstate commerce, has employed twenty or more persons for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and is an "employer" for purposes of the ADEA and Title VII.

## PROCEDURAL REQUIREMENTS

5. On September 13, 2007, Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff's Charge of Discrimination was filed within 300 days after the alleged unlawful employment practices occurred. On or about March 14, 2008, the EEOC issued Plaintiff his Notice of Right to-Sue letter, and this action has been timely brought less than 90 days after Plaintiff's receipt thereof.

6. Plaintiff has completed each and every administrative prerequisite to filing this action.

## SALIENT FACTS

7. Plaintiff was born in Beirut, Lebanon on April 17, 1940 and has lived in the United States since 1959. He is currently 67 years old.

8. Plaintiff began working for Defendant in 1992 as a consultant and was subsequently hired as a full-time employee in 1996. Plaintiff has held various

positions since 1996, including most recently the position of Safety Manager and Second Shift Supervisor. At all times relevant, Plaintiff was fully capable of satisfactorily performing his former job duties and did so.

9. Prior to or at the time of his abrupt termination of employment on June 11, 2007, many of Plaintiff's former job duties were reassigned to substantially younger employees of non-Lebanese and/or non-Arab origin.

10. During his employment, and at all times relevant, Plaintiff was also subjected to various derogatory, age-related comments, including, *inter alia,* that he was "getting old," as well as demeaning comments about his being from Lebanon, (and also from the "Middle East"), comments about his accent, and was even compared to an Arab "terrorist."

11. Plaintiff was also told by Mr. T.C. Chatterjee, Defendant's Vice President of International Operations, that he would love to "send [Plaintiff] to Iraq with a one way ticket." Plaintiff was also subject to various demeaning, age-related comments by his superior(s) and prior to his termination Plaintiff was asked when he was "going to retire" and why doesn't he just "fucking retire already."

12. Plaintiff complained about and protested these and other discriminatory remarks to the Human Resource Department and was singled out of the entire manufacturing operation – being the only such employee who did not get a raise in 2006.

13. Plaintiff also advised Respondent's Human Resource Director that he was concerned about age discrimination and Defendant's inquiries about his plans

for retirement (which he had no plans for) and was sternly told by the Director not to give him any "BS" about the "age issue."

14. At the time of his abrupt termination on June 11, 2007, Plaintiff was told that his position was being eliminated and that his job performance was *not* an issue in his termination. In fact, Plaintiff's job duties were actually not eliminated but were reassigned to a substantially younger worker(s) of non-Lebanese and/or non-Arab origin.

## COUNT I
## VIOLATIONS OF AGE DISCRIMINATION IN EMPLOYMENT ACT AND RELATED RETALIATION

1. Plaintiff adopts paragraphs 1-14 above as paragraph 1 of Count I.

2. Defendant's discharge of Plaintiff violated the ADEA, which prohibits employment discrimination on the basis of age for anyone aged 40 or over and/or was in direct retaliation for his complaints about age discrimination in violation of 29 U.S.C. §623(d).

3. As a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights and dignity, Plaintiff has lost and will continue to lose income, including but not limited to wages, bonuses, raises, insurance, and other benefits, and has suffered severe humiliation, anxiety and distress about same.

4. The aforesaid conduct by Defendant was willful and/or knowingly in violation of the ADEA and warrants the imposition of liquidated, punitive and other available damages.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff Joseph Feghali prays that this Honorable Court grant the following relief:

A. Order Defendant to make Plaintiff whole by reinstating him into his former position, the equivalent of such position or, alternatively, granting him front pay in an amount to be shown at trial.

B. Order Defendant to make Plaintiff whole by providing appropriate back pay and reimbursement for lost pension and other benefits since June of 2007, in an amount to be shown at trial.

C. Grant judgment in favor of Plaintiff and against Defendant in an additional amount as statutory liquidated damages pursuant to 29 U.S.C. § 626(b), incorporating 29 U.S.C. § 216(b), due to Defendant's willful conduct, as well as punitive and compensatory damages for related retaliation as authorized by applicable law.

D. Award Plaintiff his costs of litigation, as well as witness fees and his reasonable attorney's fees pursuant to 29 U.S.C. § 626(b), incorporating 29 U.S.C. § 216(b).

E. Grant Plaintiff such further and additional relief as the Court may deem proper and necessary.

## COUNT II
## NATIONAL ORIGN DISCRIMINATION AND RELATED RETALIATION IN VIOLATION OF TITLE VII

1. Plaintiff adopts and re-alleges paragraph 1 of Count I above as paragraph 1 of Count II.

2. Plaintiff's submission to national origin discrimination, including the allegations above, was imposed as a term or condition of his employment and

he did not encourage, welcome or consent to any of the said conduct and said conduct continued despite his complaints and protests.

3. Plaintiff was subjected to such harassment and discrimination on the basis of his national origin, Lebanese (i.e. Arab, middle-Easterner).

4. Defendant had notice of, and is responsible for, the harassment and discrimination described above because Plaintiff complained about same to management, to no avail, and members of management engaged in such misconduct.

5. Said harassment and discrimination was also sufficiently open, widespread, and pervasive at Defendant, at all times relevant hereto, to charge it with constructive notice of it.

6. Following Plaintiff's complaints and protests, the harassment and discrimination continued unabated and he was discharged in retaliation for his complaints and protests and otherwise in violation of Title VII, as amended.

7. Defendant's conduct further violated 42 U.S.C. § 2000e, *et seq.*, in that:

   a. It failed to provide Plaintiff with an atmosphere of employment where he could safely work, free from harassment, intimidation and retaliation;

   b. It failed to promptly respond to Plaintiff's complaints of harassment and discrimination;

   c. It failed to promptly take appropriate remedial action when it knew of said harassment and discrimination;

  d. It failed to promptly discharge, suspend, reprimand or otherwise discipline those who participated in, acquiesced in or ignored the harassment, discrimination and retaliation; and

  e. It failed to properly train the offenders about the prohibitions on harassment, discrimination and retaliation, and failed to properly disseminate, implement and/or enforce any anti-harassment or anti-retaliation policy to protect its employees, including Plaintiff.

8. Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e-2 and e-3, as amended, prohibits discriminatory treatment in employment based upon national origin, and also prohibits employers from taking retaliatory actions when employees oppose or complain about discriminatory treatment in the workplace.

9. The above-described conduct, which was permitted to continue despite Plaintiff's protests and objections, adversely affected his psychological well-being and interfered with his ability to work. It also created an intimidating, hostile and offensive work environment in violation of Title VII.

10. All of the above stated misconduct has denied Plaintiff the protection and civil rights guaranteed by Title VII of the Civil Rights Act, as amended.

11. As a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights, he has lost income, including but not limited to wages, fringes and other benefits.

12. As a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights and dignity, he has suffered severe emotional distress, anguish, financial hardship, and humiliation.

13. The above-described conduct was engaged in with malice and/or reckless indifference to Plaintiff's federally protected rights.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff Joseph Feghali prays that this Honorable Court grant the following relief:

A. Order Defendant to make Plaintiff whole by reinstating him into his former position, the equivalent of such position or, alternatively, granting him front pay in an amount to be shown at trial.

B. Order Defendant to make Plaintiff whole by providing appropriate back pay and reimbursement for lost pension and other benefits since June of 2007, in an amount to be shown at trial.

C. Award him compensatory damages for pain, suffering and mental anguish, and for punitive damages, in the sum of $300,000 or as otherwise authorized by Title VII, as amended.

D. Award him costs of litigation, including expert witness fees and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k).

E. Grant him any additional relief as this Court may deem proper under the circumstances.

## COUNT III
## RACE DISCRIMINATION/RETALIATION IN VIOLATION OF SECTION 1981

1. Plaintiff adopts and incorporates paragraph 1 of Count I as paragraph 1 of Count III.

2. The effect of the policies and the practices complained of above, has been to

deprive Plaintiff of equal employment opportunities, to make and enforce contracts, and otherwise adversely affected his status as an employee because of his race/national origin, Lebanese (Arab – middle-Easterner).

3. As a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights and dignity, Plaintiff has lost wages and compensation, and has also suffered emotional distress, humiliation and anxiety about his ability to support himself and his future employability and earning capacity, as well as the disruption of his personal life.

4. Plaintiff has suffered irreparable injury from Defendant's policies, practices, customs, and usages as set forth herein, which were in direct violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

5. As a direct and proximate result of the repeated discrimination by Defendant, Plaintiff has suffered emotional distress, and anxiety about his ability to support himself and his future employability and earning capacity, as well as painful and lasting embarrassment, disruption of his personal life and loss of enjoyment of the ordinary pleasures of everyday life.

6. The aforesaid conduct by Defendant warrants the imposition of punitive damages.

### RELIEF SOUGHT

**WHEREFORE,** Plaintiff, Joseph Feghali, prays that this Court grant the following relief against Defendant:

A. Award Plaintiff appropriate back pay and future earnings, and reimbursement for other employment related losses, in an amount to be shown at trial, plus interest so as to render

      Plaintiff whole from the unlawful discrimination.

B.    Award Plaintiff compensatory damages for emotional pain, humiliation and anxiety psychic injury, in an amount to be shown at trial.

C.    Award Plaintiff punitive damages in an amount to be determined at trial for Defendant's willful and wanton misconduct.

D.    Grant Plaintiff any additional relief that is warranted.

**The Plaintiff requests a jury trial of this action.**

    Respectfully submitted,

    /s/ Joshua N. Karmel
    Joshua N. Karmel
    One of the Attorneys for Joseph Feghali

Joshua N. Karmel
THE KARMEL LAW FIRM
221 North LaSalle Street
Suite 1414
Chicago, IL 60601
(312) 641-2910

Randal B. Gold (ARDC No. 6190918)
FOX & FOX, S.C.
124 West Broadway
Monona, WI 53716
(608) 258-9588