IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH FEGHALI, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. 1:08-CV-1932 |
| vs. | ) ) |
| CUSTOM CULINARY, d/b/a GRIFFITH LABORATORIES, | ) ) ) ) |
| Defendant. | ) |

**DEFENDANT GRIFFITH LABORATORIES, U.S.A. INC.'S AMENDED
ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant Griffith Laboratories U.S.A., Inc. ("Defendant"), by and through its counsel, Bell, Boyd & Lloyd LLP, submits this Amended Answer to the Amended Complaint of Plaintiff Joseph Feghali ("Plaintiff"). There is no entity by the name of "Custom Culinary, d/b/a Griffith Laboratories" and Custom Culinary does not do business as Griffith Laboratories. Custom Culinary, Inc., an Illinois Corporation, is a wholly owned subsidiary of Griffith Laboratories U.S.A., Inc. ("Griffith Laboratories"). Griffith Laboratories is not and was not Plaintiff's employer at any relevant time. To the extent the allegations of the Amended Complaint refer to "Defendant" or "Respondent," the Answer interprets such allegations as referring to Griffith Laboratories not Custom Culinary, Inc.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§1331 and 1343(4) as Plaintiff is alleging employment discrimination and related retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. Sec. 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 – 634; and for race discrimination under the Civil Rights Act of 1866, 42 U.S.C. Sec. 1981.

**ANSWER:**

Admitted.

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) as Defendant is conducting business in the Northern District of Illinois, and the alleged unlawful employment practices were committed within this judicial district.

**ANSWER:**

Admitted.

## PARTIES

3. Plaintiff is a resident of the State of Illinois, residing in this judicial district. Plaintiff was born in Beirut, Lebanon on April 17, 1940 and has lived in the United States since 1959.

**ANSWER:**

Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 3; therefore Defendant denies such allegations.

4. Defendant is a corporation with its principal place of business located in Alsip, Illinois. At all relevant times, Defendant was (and remains) engaged in interstate commerce, has employed twenty or more persons for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and is an "employer" for purposes of the ADEA and Title VII.

**ANSWER:**

Admitted; however, Griffith Laboratories was not Plaintiff's employer.

## PROCEDURAL REQUIREMENTS

5. On September 13, 2007, Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"). Plaintiffs Charge of Discrimination was filed within 300 days after the alleged unlawful employment practices occurred. On or about March 14, 2008, the EEOC issued Plaintiff his Notice of Right to-Sue letter, and this action has been timely brought less than 90 days after Plaintiffs receipt thereof.

**ANSWER:**

Defendant admits the allegations set forth in the first sentence of paragraph 5 of the Amended Complaint insofar as the Charge was filed against "Custom Culinary/Griffith Laboratories." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third sentence of paragraph 5 of the Amended Complaint. Except as so admitted, Defendant denies all further allegations set forth in paragraph 5 of the Complaint.

6. Plaintiff has completed each and every administrative prerequisite to filing this action.

**ANSWER:**

Denied.

## SALIENT FACTS

7. Plaintiff was born in Beirut, Lebanon on April 17, 1940 and has lived in the United States since 1959. He is currently 67 years old.

**ANSWER:**

Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 7 of the Amended Complaint; therefore Defendant denies such allegations. Defendant denies the allegations set forth in the second sentence of paragraph 7 of the Amended Complaint.

8. Plaintiff began working for Defendant in 1992 as a consultant and was subsequently hired as a full-time employee in 1996. Plaintiff has held various positions since 1996, including most recently the position of Safety Manager and Second Shift Supervisor. At all times relevant, Plaintiff was fully capable of satisfactorily performing his former job duties and did so.

**ANSWER:**

Denied.

9. Prior to or at the time of his abrupt termination of employment on June 11, 2007, many of Plaintiff's former job duties were reassigned to substantially younger employees of non-Lebanese and/or non-Arab origin.

**ANSWER:**

Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 9; therefore Defendant denies such allegations.

10. During his employment, and at all times relevant, Plaintiff was also subjected to various derogatory, age-related comments, including, *inter alia*, that he was "getting old," as well as demeaning comments about his being from Lebanon, (and also from the "Middle East"), comments about his accent, and was even compared to an Arab "terrorist."

**ANSWER:**

Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 10; therefore Defendant denies such allegations.

11. Plaintiff was also told by Mr. T.C. Chatterjee, Defendant's Vice President of International Operations, that he would love to "send [Plaintiff] to Iraq with a one way ticket." Plaintiff was also subject to various demeaning, age-related comments by his superior(s) and prior to his termination Plaintiff was asked when he was "going to retire" and why doesn't he just "fucking retire already."

**ANSWER:**

Defendant denies that T.C. Chatterjee is its Vice President of International Operations. Except as so specifically denied, Defendant lacks knowledge sufficient to form a belief as to the remaining allegations set forth in paragraph 11 of the Amended Complaint; therefore Defendant denies all of such allegations.

12. Plaintiff complained about and protested these and other discriminatory remarks to the Human Resource Department and was singled out of the entire manufacturing operation — being the only such employee who did not get a raise in 2006.

**ANSWER:**

Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 12; therefore Defendant denies such allegations.

13. Plaintiff also advised Respondent's Human Resource Director that he was concerned about age discrimination and Defendant's inquiries about his plans for retirement (which he had no plans for) and was sternly told by the Director not to give him any "BS" about the "age issue."

**ANSWER:**

Defendant admits that Plaintiff had discussions with a human resources representative in which Plaintiff mentioned concerns about age discrimination and that they discussed plans for retirement. Except as so admitted, Defendant denies all further allegations set forth in paragraph 13 of the Amended Complaint.

14. At the time of his abrupt termination on June 11, 2007, Plaintiff was told that his position was being eliminated and that his job performance was *not* an issue in his termination. In fact, Plaintiffs job duties were actually not eliminated but were reassigned to a substantially younger worker(s) of non-Lebanese and/or non-Arab origin.

**ANSWER:**

Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 14; therefore Defendant denies such allegations.

**COUNT I**
**VIOLATIONS OF AGE DISCRIMINATION IN EMPLOYMENT ACT**
**AND RELATED RETALIATION**

1. Plaintiff adopts paragraphs 1-14 above as paragraph 1 of Count I.

**ANSWER:**

Defendant restates and reasserts its answers to Paragraphs 1-14 of this Complaint as its answer to Paragraph 1 of this Count I as if fully set forth.

2. Defendant's discharge of Plaintiff violated the ADEA, which prohibits employment discrimination on the basis of age for anyone aged 40 or over and/or was in direct retaliation for his complaints about age discrimination in violation of 29 U.S.C. §623(d).

**ANSWER:**

Denied.

3. As a direct and proximate result of said unlawful employment practices and disregard for Plaintiffs rights and dignity, Plaintiff has lost and will continue to lose income, including but not limited to wages, bonuses, raises, insurance, and other benefits, and has suffered severe humiliation, anxiety and distress about same.

**ANSWER:**

Denied.

4. The aforesaid conduct by Defendant was willful and/or knowingly in violation of the ADEA and warrants the imposition of liquidated, punitive and other available damages.

**ANSWER:**

Denied.

## COUNT II
## NATIONAL ORIGN [sic] DISCRIMINATION AND RELATED RETALIATION IN VIOLATION OF TITLE VII

1. Plaintiff adopts and re-alleges paragraph 1 of Count I above as paragraph 1 of Count II.

**ANSWER:**

Defendant restates and reasserts its answer to Paragraph 1 of Count I as its answer to

Paragraph 1 of this Count II as if fully set forth.

2. Plaintiffs submission to national origin discrimination, including the allegations above, was imposed as a term or condition of his employment and he did not encourage, welcome or consent to any of the said conduct and said conduct continued despite his complaints and protests.

591357/C/3
6

**ANSWER:**

Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of Count II of the Amended Complaint; therefore Defendant denies such allegations.

    3.    Plaintiff was subjected to such harassment and discrimination on the basis of his national origin, Lebanese (i.e. Arab, middle-Easterner).

**ANSWER:**

Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of Count II of the Amended Complaint; therefore Defendant denies such allegations.

    4.    Defendant had notice of, and is responsible for, the harassment and discrimination described above because Plaintiff complained about same to management, to no avail, and members of management engaged in such misconduct.

**ANSWER:**

Denied.

    5.    Said harassment and discrimination was also sufficiently open, widespread, and pervasive at Defendant, at all times relevant hereto, to charge it with constructive notice of it.

**ANSWER:**

Denied.

    6.    Following Plaintiffs complaints and protests, the harassment and discrimination continued unabated and he was discharged in retaliation for his complaints and protests and otherwise in violation of Title VII, as amended.

**ANSWER:**

Denied.

7. Defendant's conduct further violated 42 U.S.C. § 2000e, *et seq.*, in that:

   a. It failed to provide Plaintiff with an atmosphere of employment where he could safely work, free from harassment, intimidation and retaliation;

   b. It failed to promptly respond to Plaintiffs complaints of harassment and discrimination;

   c. It failed to promptly take appropriate remedial action when it knew of said harassment and discrimination;

   d. It failed to promptly discharge, suspend, reprimand or otherwise discipline those who participated in, acquiesced in or ignored the harassment, discrimination and retaliation; and

   e. It failed to properly train the offenders about the prohibitions on harassment, discrimination and retaliation, and failed to properly disseminate, implement and/or enforce any anti-harassment or anti-retaliation policy to protect its employees, including Plaintiff.

**ANSWER:**

Denied.

8. Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e-2 and e-3, as amended, prohibits discriminatory treatment in employment based upon national origin, and also prohibits employers from taking retaliatory actions when employees oppose or complain about discriminatory treatment in the workplace.

**ANSWER:**

Admitted.

9. The above-described conduct, which was permitted to continue despite Plaintiff's protests and objections, adversely affected his psychological well-being and interfered with his ability to work. It also created an intimidating, hostile and offensive work environment in violation of Title VII.

**ANSWER:**

Denied.

10. All of the above stated misconduct has denied Plaintiff the protection and civil rights guaranteed by Title VII of the Civil Rights Act, as amended.

**ANSWER:**

Denied.

11. As a direct and proximate result of said unlawful employment practices and disregard for Plaintiffs rights, he has lost income, including but not limited to wages, fringes and other benefits.

**ANSWER:**

Denied.

12. As a direct and proximate result of said unlawful employment practices and disregard for Plaintiffs rights and dignity, he has suffered severe emotional distress, anguish, financial hardship, and humiliation.

**ANSWER:**

Denied.

13. The above-described conduct was engaged in with malice and/or reckless indifference to Plaintiffs federally protected rights.

**ANSWER:**

Denied.

## COUNT III
## RACE DISCRIMINATION/RETALIATION IN VIOLATION OF SECTION 1981

1. Plaintiff adopts and incorporates paragraph 1 of Count I as paragraph 1 of Count III.

**ANSWER:**

Defendant restates and reasserts its answer to Paragraph 1 of Count I as its answer to

Paragraph 1 of this Count III as if fully set forth.

2. The effect of the policies and the practices complained of above, has been to deprive Plaintiff of equal employment opportunities, to make and enforce contracts, and otherwise adversely affected his status as an employee because of his race/national origin, Lebanese (Arab - middle-Easterner).

591357/C/3                                9

**ANSWER:**

Denied.

3. As a direct and proximate result of said unlawful employment practices and disregard for Plaintiffs rights and dignity, Plaintiff has lost wages and compensation, and has also suffered emotional distress, humiliation and anxiety about his ability to support himself and his future employability and earning capacity, as well as the disruption of his personal life.

**ANSWER:**

Denied.

4. Plaintiff has suffered irreparable injury from Defendant's policies, practices, customs, and usages as set forth herein, which were in direct violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

**ANSWER:**

Denied.

5. As a direct and proximate result of the repeated discrimination by Defendant, Plaintiff has suffered emotional distress, and anxiety about his ability to support himself and his future employability and earning capacity, as well as painful and lasting embarrassment, disruption of his personal life and loss of enjoyment of the ordinary pleasures of everyday life.

**ANSWER:**

Denied.

6. The aforesaid conduct by Defendant warrants the imposition of punitive damages.

**ANSWER:**

Denied.

WHEREFORE, Defendant Griffith Laboratories U.S.A., Inc. respectfully prays for an order dismissing the amended complaint of Plaintiff Joseph Feghali with prejudice and for such other relief as this Court deems necessary or appropriate.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff has failed to mitigate damages, if any.

2. Plaintiff's claims are time-barred in whole or in part by the applicable limitations periods.

3. Defendant was not Plaintiff's employer and therefore not liable for any damages under any of the statutes.

4. Even if it is determined that Defendant was Plaintiff's employer, Plaintiff has not been discriminated against under the Age Discrimination in Employment Act because any decision with respect to Plaintiff would have been based on reasonable factors other than age.

5. Even if it is determined that Defendant was Plaintiff's employer, Plaintiff's claims for harassment are barred because Defendant exercised reasonable care to prevent and correct promptly any harassing behavior. Plaintiff unreasonably failed to take advantage of Defendant's preventative or corrective opportunities or to avoid harm otherwise.

6. Even if it is determined that Defendant was Plaintiff's employer, Plaintiff's claims are barred by his failure to invoke the complaint procedure implemented by Defendant to combat instances of alleged harassment.

WHEREFORE, Defendant prays for judgment as follows:

    a.    That Plaintiff takes nothing by virtue of this action;

    b.    That judgment be entered in favor of Defendant and against Plaintiff and that the action be dismissed with prejudice;

    c.    For Defendant's costs of suit and attorneys' fees incurred herein; and

    d.    For such other and further relief as the Court deems proper.

Dated:   August 7, 2008.

                                      Griffith Laboratories U.S.A., Inc.
                                      Defendant.


                                      By: /s/ Joshua J. Heidelman
                                            One of Its Attorneys

John P. Morrison
Joshua J. Heidelman
BELL, BOYD & LLOYD LLP
Three First National Plaza
70 West Madison
Suite 3100
Chicago, Illinois  60602
(312) 807-4258

## CERTIFICATE OF SERVICE

I, Joshua J. Heidelman, an attorney, certify that, on August 7, 2008, I electronically filed the above Defendant Griffith Laboratories U.S.A., Inc.'s Amended Answer to the Amended Complaint of Plaintiff Joseph Feghali with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

> Joshua N. Karmel
> The Karmel Law Firm
> 221 North LaSalle Street
> Suite 1414
> Chicago, IL  60601
>
> Randal B. Gold
> Fox & Fox, S.C.
> 124 West Broadway
> Monona, WI  53716

> /s/ Joshua J. Heidelman
> Joshua J. Heidelman